## George J. Seaburg v. Singer & Wheeler.

1. PRESUMPTIONS—*From Taking Notes, as to Whom Money is Loaned.*— Where the question for decision is, to whom was a sum of money in fact loaned, to a corporation or to its president in person, the fact that the lender took from said president his individual notes for the money, and afterward renewed the same, makes out a *prima facie* case that the loan was to him in person and not to the corporation.

**Assumpsit,** for money loaned. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

BULKLEY, GRAY & MORE and JACK & TICHENOR, attorneys for appellant.

The interpretation the parties themselves put upon a contract is the one the court will adopt. Vermont S. M. E. Church v. Brose, 104 Ill. 212.

Winslow Evans, attorney for appellee; I. C. Pinkney, of counsel.

Mr. Justice Wright delivered the opinion of the Court.

Action in assumpsit, with the common counts, by appellant against appellee, for money lent. A jury being waived the trial was by the court, resulting in a finding and judgment against appellant in bar of action and for costs, from which he appeals to this court, and insists upon a reversal of the judgment chiefly because, as claimed, the finding and judgment are against the evidence in the case.

It appears from the evidence that Peter J. Singer was the president and business manager of the appellee, a corporation doing business in the city of Peoria, and that appellant, residing in the city of New York, on April 4, 1894, loaned $10,000, either to Peter J. Singer in person, or to the corporation of which he was president and business manager, and the issue in the trial court was, whether the money was lent to the appellee, and the same issue is renewed here. There is no question of law, nor as to the admissibility of evidence, urged upon the consideration of this court. The only question therefore for us to determine is one of fact.

The appellant claims the money advanced by him was, in the first instance, intended as a loan to the appellee. However this may be, it is undisputed that two individual notes of P. J. Singer for $5,000 each were accepted by the appellee for the money advanced by him, and afterward renewed in the same form. These notes were secured by collateral, consisting of certificates of stock of the Singer & Wheeler corporation to the amount of $20,000. Previous to the loan appellant required a statement concerning the financial condition of the appellee, and this circumstance is insisted upon in corroboration of the theory that the loan was to it.

The answer to this, however, is that it is not probable the appellee was the owner of stock within its own organization, it being more reasonable the same was owned individually by P. J. Singer, who, being president of the company, was of necessity a shareholder, and the investigation of the financial condition of the corporation was designed to ascertain the value of the security offered.

From the correspondence by letters between the parties some confusion may appear. This doubtless is explained by the fact that P. J. Singer was the president of appellee, and if such correspondence was the only evidence in the case, it might be inferred the loan was to the appellee. The appellant, however, having accepted the individual notes of P. J. Singer, and afterward renewed the same, established the fact, *prima facie*, the loan was to him, and the burden of proof was cast upon appellant to overcome this by a preponderance of the evidence, and to prove that the money was in fact lent to appellee. P. J. Singer was a witness in the case, and testified in substance that the notes given by him to appellee represented the true character of the transaction, and we think this testimony, combined with the notes, being the individual obligations of P. J. Singer, overcomes the claim of appellant that the loan was to appellee, and the judgment of the Circuit Court will therefore be affirmed.